ALVERSON, TAYLOR,
MORTENSEN & SANDERS
JONATHAN B. OWENS, ESQ.
Nevada Bar #7118
SHILO BORJA, ESQ.
Nevada Bar #9977
7401 West Charleston Boulevard
Las Vegas, NV  89117
Tel. (702) 384-7000 Fax. (702) 385-7000
efile@alversontaylor.com
jowens@alversontaylor.com
sborja@alversontaylor.com
*Attorneys for Defendants,*
*Watkins and Shepard Trucking, Inc. and*
*Gregory Andrew Britt*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER,<br><br>Plaintiffs,<br><br>vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation; GREGORY ANDREW BRITT, an individual, DOES 1 through 5, and ROES 1 through 5,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

TO:   LANCE WILSON, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that WATKINS AND SHEPARD TRUCKING, INC. (referred hereinafter as "Defendant") hereby removes the state court action entitled "*MELISSA ANN WRIGHT, court appointed guardian for BROGAN ZANE WRIGHT, KAREN REIGER, MIKE REIGER, vs. WATKINS AND SHEPARD TRUCKING, INC. and GREGORY ANDREW BRITT*" Case No. A-11-647929-C filed in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark to this Court.  A copy of the Complaint is attached hereto as Exhibit A, and is incorporated

1

19353-JO

herein by reference.

The grounds for removal are:

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§1441(a)-(c), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. Plaintiff Melissa Ann Wright is the court appointed guardian of her son, Brogan Zane Wright, who is a citizen of the State of Nevada. (Complaint, ¶ 2).

3. Plaintiff Karen Reiger is a citizen of the State of Nevada. (Complaint, ¶ 3).

4. Plaintiff Mike Reiger is a citizen of the State of Nevada. (Complaint, ¶ 4).

5. Defendant Watkins and Shepard Trucking, Inc. is a corporation organized and existing under the laws of the State of Montana.

6. The Defendants sued as DOES I through X, and ROE Corporations I through X, are fictitious parties and are not relevant to the determination of subject matter jurisdiction. See 28 U.S.C. §1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

7. Based upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000. Plaintiffs' Complaint prays for special and compensatory damages and punitive damages arising from injuries allegedly sustained in a June 5, 2011, motor vehicle accident. (Complaint Prayer for Relief).

8. Venue is appropriate in this Court pursuant to 28 U.S.C. §§1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally brought in the Eighth Judicial District for the State of Nevada, Clark County.

9. This notice of removal is timely filed within thirty days of service as required by 28 U.S.C. §1446(b), in that it is filed within thirty (30) days of service of the Summons and Complaint

19353-JO

served on Defendant Watkins and Shepard Trucking, Inc. on September 23, 2011.

10. Pursuant to 28 U.S.C. 1446(d), Defendant has prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated this 29th day of September, 2011.

ALVERSON, TAYLOR,
MORTENSEN & SANDERS

/s/ Shilo Borja
_____
JONATHAN B. OWENS, ESQ.
Nevada Bar #7118
SHILO BORJA, ESQ.
Nevada Bar #9977
7401 West Charleston Boulevard
Las Vegas, NV   89117
*Attorneys for Defendants,*
*Watkins and Shepard Trucking, Inc. and*
*Gregory Andrew Britt*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of September, 2011, the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was served on the following by Electronic Service to All parties on the Wiznet Service List. I further certify that I mailed via United States Mail, first class, postage fully prepaid thereto, a true and correct copy of said document to those parties not on the Wiznet Service List, addressed as follows:

Christopher R. McCullough, Esq.
Frank Perez, Esq.
McCULLOUGH, PEREZ & ASSOCIATES, LTD.
601 South Rancho Drive, #A-10
Las Vegas, Nevada  89106
Tel: (702) 385-7383
Fax: (702) 385-6744
Email: chrislaw@mcpalaw.com
Email: fperez@mcpalaw.com
*Attorneys for Plaintiffs*

/s/ Erin Kelsey
_____
An Employee of ALVERSON, TAYLOR,
MORTENSEN & SANDERS

3

19353-JO

# Exhibit A

# Exhibit A

Electronically Filed
09/07/2011 09:34:02 AM

CLERK OF THE COURT

1  **COMP**
CHRISTOPHER R. McCULLOUGH, ESQ.
2  Nevada Bar # 1138
FRANK PEREZ, ESQ.
3  Nevada Bar # 5738
4  McCULLOUGH, PEREZ & ASSOCIATES, LTD.
601 South Rancho Drive, #A-10
5  Las Vegas, Nevada 89106
(702) 385-7383
6  FAX (702) 385-6744
Email: chrislaw@mcpalaw.com
7  Email: fperez@mcpalaw.com
8  Attorneys for Plaintiffs

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER, <br><br> Plaintiffs, <br><br> vs. <br><br> WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation; GREGORY ANDREW BRITT, an individual, DOES 1 through 5, and ROES 1 through 5, <br><br> Defendants. | A-11-647929-C <br> CASE NO: <br> DEPT NO: XXI |

## COMPLAINT

Plaintiffs, MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER and MIKE REIGER, by and through their attorneys, the law firm McCULLOUGH, PEREZ & ASSOCIATES, LTD., complains and alleges as follows:

. . .

For more information, visit: http://www.wksh.com

...

## PARTIES

1. Plaintiff MELISSA ANN WRIGHT is the Court Appointed Guardian of her son BROGAN ZANE WRIGHT, and brings this suit on behalf of her son.

2. BROGAN ZANE WRIGHT, is an individual residing in White Pine County, Nevada (BROGAN).

3. Plaintiff KAREN REIGER, is an individual residing in Clark County, Nevada (KAREN).

4. Plaintiff Michael REIGER, is an individual residing in Clark County, Nevada (MIKE).

5. Defendant WATKINS AND SHEPARD TRUCKING, INC. upon information and belief is a Montana Corporation (WATKINS).

6. Defendant GREGORY ANDREW BRITT, upon information and belief is an individual residing in Sacramento, California (BRITT).

7. That the true names or capacities of individual Defendants DOES 1 through 5, are unknown to Plaintiffs, and when said true names and capacities are ascertained, Plaintiffs will ask leave of the Court to substitute said true names and capacities for said fictitious ones.

8. That the true names or capacities of company Defendants ROES 1 through 5, are unknown to Plaintiffs, and when said true names and capacities are ascertained, Plaintiffs will ask leave of the Court to substitute said true names and capacities for said fictitious ones.

## BACKGROUND FACTS COMMON TO ALL CLAIM

9. On June 5, 2011, BROGAN was driving his vehicle Northbound on US 93.

10. BROGAN was traveling from Las Vegas and returning to his home in Ely, Nevada.

11. It was evening as BROGAN was approaching the town of Alamo, Nevada.

12. Approximately 20 miles south of Alamo, BROGAN's vehicle ceased to operate properly.

13. US 93, at the location of the incident, is a two lane, undivided highway.

14. US 93, at the location of the incident does not have a paved emergency lane on either the northbound or southbound lane.

15. US 93, at the location of the incident, does not have sidewalks on either the northbound or south bound lanes.

16. BROGAN pulled his vehicle off to the right of the northbound travel lane of US 93.

17. BROGAN'S vehicle came to rest in an unpaved portion of ground.

18. BROGAN turned on the emergency flasher lights of his vehicle.

19. BROGAN called his uncle Mike Reiger for help.

20. MIKE and BROGAN'S grandmother, KAREN drove from Las Vegas to the location where BROGAN'S vehicle broke down.

21. MIKE, upon arriving at the scene, drove his pick-up truck and trailer, to the right of the northbound travel lane.

22. MIKE's vehicle came to stop to the north of BROGAN'S vehicle.

23. MIKE turned on his vehicle's emergency flashers.

24. MIKE turned on the trailer's emergency flashers.

25. The flashing amber lights serve as a warning that an unusual traffic hazard exists.

26. MIKE, KAREN and BROGAN began to walk from MIKE's vehicle towards BROGAN'S vehicle.

27. MIKE, KAREN and BROGAN were walking in a southbound direction.

28. MIKE, KAREN and BROGAN were walking towards the direction of oncoming traffic, approaching northbound on US 93.

29. As they approached BROGAN'S vehicle it was approximately 9:15 in the evening.

30. At the same time a semi-truck driven by BRITT was traveling southbound on US 93.

31. BRITT was driving a semi-truck owned by WATKINS.

32. BRITT was initially in the southbound travel lane of US 93.

33. Upon information and belief BRITT wanted to pass a vehicle that was traveling southbound on US 93.

34. Upon information and belief BRITT saw MIKE's pick-up truck was pulled off to the side of the road.

35. Upon information and belief BRITT saw the flashing warning lights on MIKE's pick-up truck.

36. Upon information and belief BRITT saw the flashing warning lights on MIKE's trailer.

37. Upon information and belief BRITT saw the flashing warning lights on BROGAN's vehicle.
38. Despite being aware of the flashing warning lights he was approaching, BRITT elected to try and pass a vehicle that was in the southbound travel lane, in front of BRITT.
39. BRITT crossed over into the northbound travel lane of US 93.
40. Upon information and belief, as BRITT was preparing to pass the vehicle in front of him, BRITT saw BROGAN.
41. BRITT's continued to pass the vehicle placing his semi truck fully in the northbound travel lane of US 93.
42. BRITT struck BROGAN, sending him flying though the air.
43. BROGAN came to rest with his head under his vehicle.
44. The force of the impact caused the front left fender of the semi truck to rip from the truck.
45. The force of the impact sent debris, including the headlight, glass from a side mirror and portions of the fender flying.
46. MIKE was struck by flying debris, causing injuries.
47. As a result of BRITT's actions, KAREN was forced to the ground, causing injuries.
48. Upon information and belief, BRITT did not attempt to return to the southbound travel lane once he saw BROGAN.

49. MIKE witnesses the injuries to his mother, and believed when he first saw her that she had died.

50. MIKE witnesses the injuries to his nephew BROGAN, and tended to him until paramedics could arrive.

51. BROGAN was transported by ambulance and then by helicopter to University Medical Center in Las Vegas.

52. KAREN was transported by ambulance to University Medical Center in Las Vegas.

## FIRST CLAIM FOR RELIF

### (Negligence)

53. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 52 as if fully set forth herein.

54. BRITT had a duty to operate his vehicle in a safe and prudent manner.

55. BRITT breached his duty to operate his vehicle in a safe and prudent manner.

56. BRITT breached his duty by among other things;

   a. Failing to decrease his speed as he approached a special hazard with respect to pedestrians, so as to avoid colliding with a pedestrian.

   b. Filing to exercise proper care as he approached MIKE and BROGAN's vehicles, which constituted a special hazard with respect to pedestrians.

   c. Failed to exercise proper caution upon observing a pedestrian on or near a highway.

   d. Failed to give an audible warning in order to avoid a collision.

For more information, visit: http://www.wksh.com

     e. Failed to exercise due care to avoid a collision with a pedestrian.

     f. Failing to wait until he passed the area in which Brogan's vehicle broke down before he tried to pass traffic in southbound US 93.

57. As a direct and proximate cause of BRITT's negligence BROGAN suffered personal injuries which required and continue to require medical treatment.

58. As a direct and proximate cause of BRITT'S negligence BROGAN has lost income and will suffer a loss to his earning capacity.

59. As a direct and proximate cause of BRITT's negligence BROGAN suffered physical pain and emotional suffering.

60. As a direct and proximate cause of BRITT's negligence MIKE suffered personal injuries.

61. As a direct and proximate cause of BRITT'S negligence MIKE suffered physical and emotional suffering.

62. As a direct and proximate cause of BRITT's negligence KARENN suffered personal injuries.

63. As a direct and proximate cause of BRITT'S negligence KAREN suffered physical and emotional suffering.

### SECOND CLAIM FOR RELIEF

(Respondeat Superior)

64. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 63 as if fully set forth herein.

65. Upon information and belief, BRITT is an employee of WATKINS.

66. BRITT is employed by WATKINS as a commercial truck driver.

67. BRITT was acting within the scope of his duties as an employee of WATKINS when he was driving southbound of US 93 on the night in question

68. WATKINS is vicariously liable for the negligent acts of BRITT.

69. WATKINS and BRITT are jointly and severally liable for the damages sustained by Plaintiffs as a result of BRITT's tortuous conduct.

### THIRD CLAIM FOR RELIEF

**(Negligent Infliction of Emotional Distress on Behalf of MIKE REIGER)**

70. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 69 as if fully set forth herein.

71. MIKE witnesses the injuries sustained by his mother KAREN.

72. Upon seeing her motionless body, MIKE was under the immediate impression that KAREN died as a result of her injuries.

73. MIKE witnessed the injuries sustained by his nephew BROGAN. He saw BROGAN unconscious and bleeding from his head.

74. MIKE has suffered emotional distressed based upon his contemporaneous observations of BROGAN and KAREN's injuries, the observations took place immediately after the impact of the semi truck

75. That as a direct and proximate result of BRITT's negligence, MIKE has suffered emotional distress upon seeing the injuries to his loved ones.

. . .

. . .

## FOURTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress on Behalf of Karen Reiger)

76. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 75 as if fully set forth herein.

77. KAREN witnesses the injuries sustained by her grandson BROGAN, as he lay bleeding.

78. KAREN has suffered emotional distressed based upon his contemporaneous observations of BROGAN's injuries, the observations took place immediately after the impact of the semi truck

79. That as a direct and proximate result of BRITT's negligence, KAREN has suffered emotional distress upon seeing the injuries to her loved one.

## FIFTH CLAIM FOR RELIEF

### (Punitive Damages)

80. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 79 as if fully set forth herein.

81. BRITT knew there was an emergent situation on the side of the road when he saw the flashing warning lights.

82. Despite knowing that an emergent situation existed on the side of the road, BRITT elected to drive a semi-truck closer to the emergent situation.

83. Upon information and belief BRITT holds a commercial driver's license and has taken classes regarding how to drive in emergency situations.

For more information, visit: http://www.wksh.com

84. Despite knowing that an emergent situation existed on the side of the road, BRITT elected to increase his speed so as to pass a vehicle in the southbound lane of US 93.

85. While accelerating his semi truck, BRITT brought his vehicle fully into the northbound lane of US 93, thereby bringing the large truck very close to the vehicles that had flashing warning lights on.

86. BRITT knew or should have known that flashing warning lights are designed to advise other drivers that an emergency situation exists and to exercise due care when approaching the vehicle with its hazard lights on.

87. BRITT ignored the hazard lights and drove closer to the vehicle because he wanted to pass another vehicle.

88. The portion of US 93, where the accident took place is a straight away.

89. BRITT could have waited until after he passed the emergent situation, and then began his efforts to pass the vehicle in front of him.

90. BRITT actions of driving closer to an emergent situation, one where a pedestrian is likely to be located, demonstrated a conscious disregard of the probable harmful consequences of his wrongful act. He willfully and deliberately failed to act to avoid those consequences, by driving his truck closer to the Plaintiffs.

91. That driving with such conscious disregard for the safety of those around an emergent situation, is despicable conduct and warrant the issuance of punitive damages.

. . .

## SIXTH CLAIM FOR RELIEF

### (Negligence Employment/Supervision/Training by WATKINS)

92. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 through 91 as if fully set forth herein

93. Upon information and belief, WATKINS requires its drivers to attend an in-house training program.

94. WATKINS failed to properly train BRITT in the proper manner to operate a truck when approaching an emergent situation as existed on the night in question.

95. WATKINS by its practices encourages its drivers to maintain a certain speed when driving.

96. WATKINS pays its drivers bonuses if the driver maintains a certain speed level when operating its trucks.

97. WATKINS policy encourages its drivers to operate at a speed that may not be safe for conditions, such as when there are vehicle on the side of the road with their emergency flashers on.

98. WATKINS breached its duty to properly supervise and train its drivers

99. As a direct and proximate cause of WATKINS negligence, the Plaintiffs were injured.

WHEREFORE, Plaintiffs pray for relief as follows

1. For Special and Compensatory Damages in Excess of $10,000.00
2. For Punitive Damages in Excess of $10,000.00
3. For Reasonable Attorney Fees and Court Costs.

. . .

4. For Such Further Relief the Court Deem Just and Proper.

DATED this _____ day of September, 2011.

McCULLOUGH, PEREZ & ASSOCIATES, LTD.

By_____
CHRISTOPHER R. McCULLOUGH, ESQ.
Nevada Bar #1138
FRANK PEREZ, ESQ.
Nevada Bar #5738
601 S. Rancho Drive, #A-10
Las Vegas, Nevada 89106
Attorneys for Plaintiffs