UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation; GREGORY ANDREW BRITT, an individual, DOES 1 through 5, and ROES 1 through 5,<br><br>　　　　Defendants. | 2:11-CV-01575-LRH-GWF<br><br>ORDER |

Before the court is Defendants Watkins and Shepard Trucking, Inc. ("Watkins") and Gregory Andrew Britt's ("Britt") Motion to Dismiss Plaintiffs' prayer for punitive damages (#6[1]). Plaintiffs filed an opposition (#9), to which Defendants replied (#10). Also before the court is Plaintiffs' Motion for Leave to Supplement its opposition (#22).

**I.   Facts and Procedural History**

Plaintiffs' claims arise out of a June 5, 2011, automobile accident near Alamo, Nevada, in which three pedestrians were injured near the side of a highway when a semi-truck struck one of the pedestrians and nearly struck the other two. According to the complaint (#1), Brogan Zane Wright ("Wright") was traveling northbound on U.S. 93, when his car broke down. Wright parked

---

[1] Refers to the court's docket entry number.

on the northbound shoulder of the two lane highway and called Mike Reiger and Karen Reiger for help. Mike and Karen Reiger arrived in another vehicle to assist Wright, also parking on the northbound shoulder. Wright and Mike Reiger turned on the hazard lights of their vehicles. Britt approached the scene as he drove southbound in a semi-truck owned by Watkins. Despite seeing the hazard lights, Britt attempted to pass another southbound vehicle by crossing into the northbound lane and increasing the speed of his truck. As Britt was driving his truck in the northbound lane, he reached the point where Wright, Mike Reiger and Karen Reiger were attempting to tend to Wright's vehicle. There, Britt struck Wright with the front left bumper of the semi-truck, Karen Reiger was forced to the ground, and Mike Reiger was hit with flying debris. Each suffered injuries as a result of the collision.

Plaintiffs filed this action on September 29, 2011, against Watkins and Britt for negligence and negligent infliction of emotional distress. Defendants now move to dismiss Plaintiffs' prayer for punitive damages for failure to state a claim.

## II.  Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must satisfy the notice pleading standard of Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows

the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949).

### III. Discussion

Punitive damages are available "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied." NRS § 42.005(1); *see Desert Palace, Inc. v. Ace Am. Ins. Co.*, 2011 WL 810235, *5 (D. Nev. 2011). Oppression means "despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." NRS § 42.001(4). Malice, express or implied, means "conduct which is intended to injure a person or despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." NRS § 42.001(3). Conscious disregard means "the knowledge of the probable harmful consequences of a wrongful act and a

3

willful and deliberate failure to act to avoid those consequences." NRS § 42.001(1).  Because conscious disregard requires a culpable state of mind, the defendant's conduct "at a minimum, must exceed mere recklessness or gross negligence." *Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243, 255 (Nev. 2008).

Here, Plaintiffs allege that despite seeing the hazard lights of their vehicles on the opposite shoulder, Britt drove his semi-truck closer to the Plaintiffs and increased his speed in an attempt to pass another vehicle on a narrow highway.  While it is unclear at this time whether Plaintiffs will ultimately be able to produce sufficient evidence to support an award of punitive damages, the court finds that Plaintiffs' factual allegations, taken as true, are sufficient to state a claim for punitive damages that is plausible on its face and should be permitted to go forward.  The motion to dismiss Plaintiffs' prayer for punitive damages shall therefore be denied.  Plaintiffs' motion to supplement their opposition shall also be denied as moot.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiffs' prayer for punitive damages (#6) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Supplement (#22) is DENIED.

IT IS SO ORDERED.

DATED this 27th day of June, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4