STEVEN E. GUINN (SBN 5341)
HOLLY S. PARKER (SBN 10181)
LAXALT & NOMURA, LTD.
9600 Gateway Drive
Reno, Nevada 89521
Telephone: (775) 322-1170
Facsimile:  (775) 322-1865
sguinn@laxalt-nomura.com
Attorneys for Defendants
Watkins & Shepard Trucking, Inc. and
Gregory Andrew Britt

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER,<br><br>Plaintiffs,<br><br>vs.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation; GREGORY ANDREW BRITT, an individual, DOES 1 through 5, and ROES 1 through 5,<br><br>Defendants.<br>_____/ | Case No. 2:11-cv-01575-LRH-GWF |

### ANSWER OF WATKINS & SHEPARD TRUCKING, INC. AND GREGORY ANDREW BRITT TO COMPLAINT

Defendants, WATKINS & SHEPARD TRUCKING, INC. and GREGORY ANDREW BRITT by and through their counsel, LAXALT & NOMURA, LTD., for the Answer to Plaintiffs' Complaint on file herein, admit, deny and allege as follows:

### PARTIES

1-4.   Answering paragraphs 1, 2, 3 and 4 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

5. Answering paragraph 5 of Plaintiffs' Complaint on file herein, Defendants admit Watkins and Shepard Trucking is a corporation with its principal place of business in Montana. These Defendant are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore deny the same

6. Answering paragraph 6 of Plaintiffs' Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

7-8. Answering paragraphs 7 and 8 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

## BACKGROUND FACTS COMMON TO ALL CLAIM

9-39. Answering paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38 and 39 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

40. Answering paragraph 40 of Plaintiffs' Complaint on file herein, these answering Defendants deny each and every allegation contained therein.

41-52. Answering paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51 and 52 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

## FIRST CLAIM FOR RELIF (sic)

### (Negligence)

53. Answering paragraph 53 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 52 as if fully set forth herein, and incorporates them herein by reference.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

54. Answering paragraph 54 of Plaintiffs' Complaint on file herein, these answering Defendants admit that GREGORY BRITT had a duty as prescribed by applicable law. Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the remaining allegations contained therein, and therefore deny the same.

55-63. Answering paragraphs 55, 56, 56a, 56b, 56c, 56d, 56e and 56f, 57, 58, 59, 60, 61, 62 and 63 of Plaintiffs' Complaint on file herein, these Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Respondeat Superior)

64. Answering paragraph 64 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 63 as if fully set forth herein, and incorporates them herein by reference.

65-67. Answering paragraphs 65, 66 and 67 of Plaintiffs' Complaint on file herein, these answering Defendants admit each and every allegation contained therein.

68-69. Answering paragraphs 68 and 69 of Plaintiffs' Complaint on file herein, these answering Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress on Behalf of MIKE REIGER)

70. Answering paragraph 70 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 69 as if fully set forth herein, and incorporates them herein by reference.

71-74. Answering paragraphs 71, 72, 73, and 74 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

75. Answering paragraph 75 of Plaintiffs' Complaint on file herein, these answering Defendants deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress on Behalf of Karen Reiger)

76. Answering paragraph 76 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 75 as if fully set forth herein, and incorporates them herein by reference.

77-78. Answering paragraphs 77 and 78 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

79. Answering paragraph 79 of Plaintiffs' Complaint on file herein, these answering Defendants deny each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF

### (Punitive Damages)

80. Answering paragraph 80 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 79 as if fully set forth herein, and incorporates them herein by reference.

81-83. Answering paragraphs 81, 82 and 83 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

84-87. Answering paragraphs 84, 85, 86 and 87 of Plaintiffs' Complaint on file herein, these Defendants deny each and every allegation contained therein.

88-89. Answering paragraphs 88 and 89 of Plaintiffs' Complaint on file herein, these Defendants are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

LAXALT & NOMURA.
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

90-91. Answering paragraphs 90 and 91 of Plaintiffs' Complaint on file herein, these Defendants deny each and every allegation contained therein.

### SIXTH CLAIM FOR RELIEF

### (Negligence Employment/Supervision/ Training by WATKINS)

92. Answering paragraph 92 of Plaintiffs' Complaint on file herein, these answering Defendants repeat and reallege their answers to paragraphs 1 through 91 as if fully set forth herein, and incorporates them herein by reference.

93. Answering paragraph 93 of Plaintiffs' Complaint on file herein, these Defendants admit each and every allegation contained therein.

94. Answering paragraph 94 of Plaintiffs' Complaint on file herein, these Defendants deny each and every allegation contained therein.

95. Answering paragraph 95 of Plaintiffs' Complaint on file herein, these Defendants admit each and every allegation contained therein.

96-99. Answering paragraphs 96, 97, 98 and 99 of Plaintiffs' Complaint on file herein, these Defendants deny each and every allegation contained therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim or cause of action against these Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Any damages suffered or incurred by Plaintiffs were the proximate result, in whole or in part, of the conduct of third persons or entities, including but not limited to Plaintiffs over which this Defendant had no control.

//

### THIRD AFFIRMATIVE DEFENSE

Defendants allege that the damages, if any, suffered by Plaintiffs were caused in whole or in part, or were contributed to by reason of the negligence of the Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Defendants allege that their conduct was not a substantial factor in causing any of Plaintiffs' alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, and to the extent of such failure of such mitigation, are precluded from recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are informed and believe and on that basis alleges that Plaintiffs have failed to join all necessary and indispensable parties to this lawsuit.

### SEVENTH AFFIRMATIVE DEFENSE

Any claim advanced by the Plaintiff against this Defendant for punitive damages is barred by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiffs in this case would be violative of the constitutional safeguards provided to these Defendants under the Constitution of the United State of America in that:

A. Any award of punitive damages in this case would be violative of the due process clause of the Fourteenth Amendments to the United States Constitution because NRS 42.005 does not provide for adequate standards for its application and is therefore void for vagueness.

B. Any award of punitive damages would violate procedural safeguards provided under the Sixth Amendment to the Constitution of the United States in that punitive damages are

penal in nature and consequently Defendant be entitled t the same procedural safeguards accorded to criminal defendants.

C.   Any award of punitive damages would be discriminatory, a deprivation of due process and a violation of the equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States.

### NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

WHEREFORE, Defendants, WATKINS & SHEPARD TRUCKING, INC. and GREGORY ANDREW BRITT, pray for judgment as follows:

1. That the Plaintiffs take nothing by way of their Complaint and that the same be dismissed with prejudice;

2. That the Defendants be awarded a reasonable sum as and for attorney's fees and costs of suit incurred herein;

3. For such other and further relief as the Court may deem proper in the premises.

DATED this 20th day of July, 2012.

LAXALT & NOMURA, LTD.

By _____
STEVEN E. GUINN (SBN 5341)
HOLLY S. PARKER (SBN 10181)
9600 Gateway Drive
Reno, Nevada 89521
Telephone:  775-322-1170
Facsimile:  775-322-1865
Attorneys for Defendants
Watkins & Shepard Trucking, Inc. and
Gregory Andrew Britt

LAXALT & NOMURA,
ATTORNEYS AT LAW
9600 GATEWAY DRIVE
RENO, NEVADA 89521

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b) and Section IV of the District of Nevada Electronic Filing Procedures, I hereby certify that I am an employee of LAXALT & NOMURA, LTD., and that I caused to be served a true and correct copy of the foregoing document by E-Service by filing the foregoing with the Clerk of Court using the CM/ECF system, which will electronically mail the filing to the following email addresses:

Christopher R. McCullough
chrislaw@mcpalaw.com

Frank Perez
fperez@mcpalaw.com

DATED this 20th day of July, 2012.

*/s/ Laurie Pieratt*
LAURIE PIERATT