UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELISSA ANN WRIGHT, court appointed guardian of BROGAN ZANE WRIGHT; KAREN REIGER; and MIKE REIGER,<br><br>Plaintiffs,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation; GREGORY ANDREW BRITT, an individual; DOES 1 through 5 and ROES 1 through 5,<br><br>Defendants. | 2:11-CV-01575-LRH-GWF<br><br>ORDER |

Before the Court is Defendants Watkins and Shepard Trucking, Inc. ("Watkins & Shepard") and Gregory Andrew Britt's ("Britt") Motion for Reconsideration, or in the alternative, Motion to Certify Question of Law to the Nevada Supreme Court. Doc. #72.[1] Also before the Court is Defendants' Ex Parte Motion to Shorten Time for Briefing and Decision on the aforementioned Motion. Doc. #73.

**I.   Factual Background**

This is a personal injury action arising out of a tractor trailer truck accident on June 5, 2011, in which Plaintiff pedestrians sustained severe injuries. Plaintiffs allege claims of negligence,

---

[1] Refers to the Court's docket number.

negligent infliction of emotional distress, and negligent hiring and supervision against employee/driver Britt and employer Watkins & Shepard.  On December 10, 2012, Defendants filed a Motion for Partial Summary Judgment (Doc. #38), seeking dismissal of Plaintiffs' claims against Watkins & Shepard for negligent hiring and supervision.  On May 16, 2013, the Court reopened discovery in response to an anonymous letter Plaintiffs received regarding Watkins & Shepard's hiring practices.  *See* Doc. #59.  On that basis, the Court denied Defendants' Partial Motion for Summary Judgment without prejudice.  *See* Doc. #69.  On October 4, 2013, Defendants filed the present Motions before the Court.

**II.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 54(b), the Court has authority to reconsider, modify, alter, or revoke any order adjudicating fewer than all the claims in an action at any time before the entry of final judgment.  *See United States Aviation Underwriters, Inc. v. WesAir, LLC*, No. 2:08-CV-00891-PMP-LRL, 2010 U.S. Dist. LEXIS 35648, at *4 (D. Nev. April 12, 2010); *see also United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *Aviation Underwriters*, 2010 U.S. Dist. LEXIS, at *4 (quoting *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)) (internal quotation marks omitted).  However, "[a] motion for reconsideration is *not* an avenue to re-litigate the same issues and arguments upon which the court already has ruled."  *Id.* (quoting *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004)) (internal quotation marks omitted) (emphasis added).

**III.    Discussion**

The Court finds that reconsideration of its September 13, 2013 Order (Doc. #69) is not warranted.  The Court's Order was not clearly erroneous under controlling Nevada law, nor has there been an intervening change of law such that the Court would reach a different conclusion.  To

2

the contrary, the Court's opinion as to Plaintiffs' cause of action against Watkins & Shepard for negligent hiring and supervision appears to be exactly in line with what Defendants refer to as the "majority" position in Nevada and the rest of the country for that matter. Moreover, Defendants have presented no new evidence since the September 13, 2013 Order was issued. The Court reopened discovery on the very issue of negligent hiring and supervision in order to give Plaintiffs an opportunity to produce evidence relevant to punitive damages on that claim. *See* Doc. #59. Should the evidence reveal that Plaintiffs' claim of negligent hiring and supervision is without merit, the Court invites Defendants to resubmit their Motion for Partial Summary Judgment on this claim. Until that time, the Court finds that no other changed circumstances would render this issue appropriate for reconsideration and no manifest injustice would otherwise fall upon Defendants.

To the extent the Court's Order was unclear as to Plaintiffs' claim for negligent hiring and supervision as it relates to punitive damages or "predicted" that the Nevada Supreme Court would not adopt the "majority" position, the Court modifies its September 13, 2013 Order as set forth herein. The Court agrees with Defendants and the apparent "majority" that Plaintiffs may not maintain a direct cause of action for negligent hiring and supervision where it would impose no additional liability on Defendants because Watkins & Shepard has already admitted vicarious liability. Indeed, in those circumstances, Plaintiffs claim for negligent hiring and supervision would merely be an alternative theory on which to recover against Watkins & Shepard for Britt's alleged negligence, and thus entirely superfluous. As such, the Court finds it unnecessary to expound further on this general principle.

However, this is not a case in which the "majority" rule can be mechanically applied to dispose of Plaintiffs' claim for negligent hiring and supervision. In this regard, Defendants miss the mark entirely. Here, there is not "only one element of damages that Plaintiffs may recover" for which "Watkins & Shepard has admitted all the elements necessary to establish its complete liability." *See* Doc. #72, p. 12. Nor does Plaintiffs' "direct negligence claim therefore [serve] no

3

1 purpose" as Defendants urge. *See* Doc. #72, p. 15. Rather, Plaintiffs' direct negligence claim
2 against Watkins & Shepard for negligent hiring and supervision stands to impose liability *beyond*
3 that which is available on the underlying derivative negligence claim. Thus, it merits full
4 consideration separate and apart from Watkins & Shepard's vicarious liability for Britt's negligence
5 to determine whether Plaintiffs' request for punitive damages is viable.

6 Defendants cite to *Olivarez v. Rebel Oil Co., Inc.*, Case No. A430209 (Nev. Dec. 30, 2002),
7 in the Eighth Judicial District of Nevada for the proposition that the trend in Nevada appears to be
8 in line with the "majority" approach. Doc. #72, Ex. 1. The Court agrees. However, Defendants
9 neglected to reference the portion of that order which is directly relevant to this case. Specifically,
10 the court stated that "the exception to the general rule where a plaintiff has a claim for punitive
11 damages against the employer based on its independent negligence in hiring and retaining the
12 employee is not applicable, because the Court has dismissed Plaintiffs' punitive damages claim
13 pursuant to NRS 41.085(5)." *Id.*[2] Although inapplicable on other grounds, the Nevada court
14 acknowledged precisely the exception on which this Court based its denial of Defendants' Motion
15 for Partial Summary Judgment. Similarly, Defendants cite *Adele v. Dunn*, No. 2:12-CV-00597-
16 LDG-PAL, 2013 U.S. Dist. LEXIS 44602 (D. Nev. March 27, 2013), in which Judge George
17 predicted that Nevada would adopt the "majority" position. Again, however, this case is
18 distinguishable because it dealt with a situation in which "the direct claim of negligent entrustment,
19 or negligent training, serve[d] only as [an] alternative theor[y] by which to impute liability to an
20 employer for the acts of the employee." *Id.*, at *5. Here, Plaintiffs' direct claim against Watkins &
21 Shepard does not rest solely upon Britt's alleged negligent conduct. Rather, Watkins & Shepard
22 faces additional liability beyond that imputed to it by virtue of Britt's negligence. *Perez v. Kriegh*,

---

[2] Nevada Revised Statute 41.085(5) provides, in relevant part, "[t]he damages recoverable by the personal representatives of a decedent on behalf of the decedent's estate include . . . [a]ny penalties, including, but not limited to, exemplary or punitive damages, that the decedent would have recovered if the decedent had lived . . ."

4

Case No. A516240 (Nev. Mar. 6, 2008), is similarly inapposite as punitive damages were not at issue.[3]

To ensure that Defendants are entirely clear on the Court's agreement with the weight of authority on this issue, the Court has reproduced the relevant section of *Cruz v. Durbin*, on which Defendants rely:

> The purpose of the *McHaffie* rule is to prevent unnecessary litigation over claims that have become redundant due to a factual admission by one party and to avoid the admission of irrelevant, prejudicial material. The purpose of the rule is not furthered by dismissing an allegedly redundant claim . . . where liability on the allegedly redundant claim would support an additional measure of damages that liability on the other claim alone would not support. The *McHaffie* court itself noted that it was not instituting an absolute rule, and that a case could present itself in the future where both types of claim could proceed:
>
> [I]t may be possible that an employer . . . may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an . . . employee. In addition, it is also possible that an employer . . . may be liable for punitive damages which would not be assessed against the employee.

No. 2:11-CV-00342-RCJ-LRL, 2011 U.S. Dist. LEXIS 51057, at *9-10 (D. Nev. May 11, 2011) (citing *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995)) (internal citations omitted). The court went on to say that "[i]f Plaintiff amended the AC to request punitive damages, . . . , the outcome would be different, because an employer's fault in hiring and training is different from an employee's fault in driving." *Id.*, at *10-11 (citing NRS 42.005; *Wyeth v. Rowatt*, 244 P.3d 765, 783 (Nev. 2010)).

Defendants also cite a persuasive law review article on the subject that explicitly carves out an exception to the "majority" rule for viable claims of punitive damages. *See* Doc. #72, at 6 (citing Richard A. Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of an Admission of Respondeat Superior*, 10 Wyo. L. Rev. 229 (2010) (hereinafter "*The Viability of Direct Negligence Claims*")). While Mincer warns that the punitive damages exception is more theoretical than practical, he concedes that "even the theoretical deserves a court's attention

---

[3] Defendants reproduce *Perez* at Doc. #72, Ex. 1.

5

to determine whether or not the plaintiff's punitive damages claim is viable or should also be dismissed." *Id.* at 263.  Indeed, it may be rare that an employer's actions in hiring, training, supervising, or retaining an employee are egregious enough to warrant punitive damages. Nevertheless, the Court is simply not prepared to foreclose the possibility that Plaintiffs' claim has merit without the appropriate factual analysis.  Accordingly, Defendants' Motion to Reconsider is denied.

As previously mentioned in its September 13, 2013 Order, the Court is cognizant of Defendants' concern that the evidence used to establish direct liability for negligent hiring and supervision, namely an employee's prior conduct amounting to negligence, may be misused by the trier of fact to establish the employee's negligence on the occasion in question.  Indeed, Judge Reed acknowledged precisely this problem in *Grimes v. Combined Transp., Inc.*, Case No. 3:05-CV-00461-ECR-RAM (D. Nev. Oct. 3, 2007), Doc. #92, p. 7-11.  Nevertheless, *Grimes*, like every other case Defendants cite, is distinguishable on the grounds that the plaintiffs' direct liability claim added nothing to the case in terms of recovery and was thus unnecessary.  *Id.*, p. 11.  Should Plaintiffs' present sufficient evidence to pursue an award of punitive damages against Watkins & Shepard for negligent hiring and supervision, the Court is confident that it would be capable of managing the complex evidentiary issues presented.  In fact, in *The Viability of Direct Negligence Claims*, Mincer suggests that "[where] the Plaintiff presents facts that support a claim for punitive damages . . . , then the case should be bifurcated to ensure the defendant receives a fair trial on the underlying negligence claim against the driver.  If—and only if—the driver is found negligent should the trial proceed to the second phase where the plaintiff is given a fair opportunity to present the claim for punitive damages." *The Viability of Direct Negligence Claims*, at 263-64.  The Court will assuredly give heed to Mincer's suggestion in the event the parties reach trial on the issue of punitive damages.

Finally, as the Court hopes to have made abundantly clear, the question this Court addressed

in its September 13, 2013 Order (Doc. #69) is not presently before the Nevada Supreme Court. Punitive damages are simply not at issue in *Plat v. Eighth Judicial District Court*.[4] Accordingly, the Court denies Defendants' Motion to Certify Question of Law to the Nevada Supreme Court. The Court also denies Defendants' request to present this matter to the Court in oral argument. Lastly, the Court denies as moot Defendants' Ex Parte Motion to Shorten Time for Briefing and Decision on Motion to Reconsider or Certify Question of Law to the Nevada Supreme Court.

IT IS THEREFORE ORDERED that Defendants' Motion to Reconsider or Certify Question of Law to the Nevada Supreme Court (Doc. #72) is DENIED.

IT IS FURTHER ORDERED that Defendants' Ex Parte Motion to Shorten Time for Briefing and Decision on Motion to Reconsider or Certify Question of Law to the Nevada Supreme Court (Doc. #73) is DENIED.

IT IS SO ORDERED.

DATED this 10th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] Defendants reproduce the Petition for Writ of Mandamus in *Plat* at Doc. #72, Ex. 7.