UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

\* \* \*

MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER,

    Plaintiff,

v.

WATKINS AND SHEPARD TRUCKING, INC., a Montana Corporation; GREGORY ANDREW BRITT, an individual, Does 1 through 5, and Roes 1 through 5,

    Defendants.

2:11-CV-01575-LRH-GWF

ORDER

This is a motor vehicle negligence case. Before the court is defendants Watkins and Shepard Trucking, Inc. ("Watkins") and Gregory Britt's Motion to Bifurcate (collectively "Defendants"). Doc. #122.[1] Plaintiffs Melissa Ann Wright, Court Appointed Guardian of Brogan Zane Wright, Karen Reiger, and Mike Reiger (collectively "Plaintiffs") filed a response (Doc. #128), to which Defendants replied (Doc. #130).

**I. Factual Background**

Defendant Gregory Britt struck Brogan Zane Wright with his semi-truck on June 5, 2011, just outside of Alamo, Nevada. The accident occurred on a two-lane highway, U.S. Highway 93, around 9:25 p.m. Wright's truck had broken down as he was headed north, so he pulled over

---

[1] Refers to the court's docket number.

1

onto the righthand shoulder. He then turned on his emergency lights and called his uncle, Mike Reiger, for assistance.

Reiger soon arrived with Wright's grandmother, Karen Reiger, and parked his truck and flatbed trailer in front of Wright's truck along the highway's northbound shoulder. Reiger also turned on his emergency lights. The three relatives walked from Reiger's truck towards Wright's truck, heading south and facing on-coming northbound traffic. Wright was walking about two feet into the northbound travel lane, while the Reigers walked along the shoulder.

At the same time, Britt, an employee of Watkins, was driving southbound. As he neared Wright's truck, he was stuck behind a slow-moving SUV. Britt moved into the northbound lane to pass the SUV, and as he did so his driver's side-mirror struck Wright in the back of the head, causing severe injuries. Mike and Karen Reiger were injured by flying debris.

This action is currently set for trial in January 2016. Defendants filed the present motion to bifurcate trial on August 14, 2015. Doc. #122. Plaintiffs responded on September 4, 2015, and in their response they stated they did not object to bifurcation of trial.[2] Doc. #128. Defendants filed a reply on September 8, 2015. Doc. #130.

**II. Legal Standard**

Under Rule 42 of the Federal Rules of Civil Procedure, the court may bifurcate a trial for the convenience of the court and the parties, to avoid prejudice, and to expedite and economize the trial process. Fed. R. Civ. P. 42(b). Under Rule 42(b), a district court has broad discretion to bifurcate as part of its trial management. *Gardco Mfg., Inc. v. Herst Lighting*, 820 F.2d 1209, 1212 (Fed. Cir. 1987); *Hangarter v. Provident Life & Accident Insurance Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (citation and quotation marks omitted). In considering a motion to bifurcate trial, courts have weighed the factors of convenience, prejudice, judicial economy, risk of confusion, and whether the issues are clearly separable. *See* William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 16:160.4 (2011).

///

---

[2] In Plaintiff's Response to Defendant's Motion to Bifurcate (Doc. # 128), they address the standard under Nevada law which warrants the issuance of punitive damages. This is an issue that will be addressed during the trial, and thus will not be dealt with here.

2

**III. Discussion**

In the present motion, Defendants seek to bifurcate the trial of Plaintiffs' negligence action from their punitive damages claim. Defendants argue that per NRS 42.005(3), a "subsequent proceeding must be conducted before the same trier of fact to determine the amount of [punitive] damages to be assessed." Plaintiff does not object to the trial being bifurcated wherein Defendants' financial wherewithal will not be admitted into evidence until such time as the Court makes a finding regarding the issuance of punitive damages.

Under Rule 42(b), a district court has broad discretion to bifurcate. Because both parties agree on bifurcation and it is required by Nevada law in this instance, the Court finds that bifurcating the upcoming trial as proposed by Defendants is warranted.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Bifurcate (Doc. #122) is GRANTED. If the finder of fact determines that punitive damages are warranted in this action, the court shall then hold a second phase of the trial with the same finder of fact to determine the amount of punitive damages to be awarded in accordance with Nevada law.

IT IS SO ORDERED.

DATED this 2nd day of November 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE