UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER, | 2:11-CV-01575-LRH-GWF |
| Plaintiff, | |
| v. | ORDER |
| WATKINS AND SHEPARD TRUCKING, INC., a Montana Corporation; GREGORY ANDREW BRITT, an individual, Does 1 through 5, and Roes 1 through 5, | |
| Defendants. | |

This is a motor vehicle negligence case. Before the court is defendants Watkins and Shepard Trucking, Inc. ("Watkins") and Gregory Britt's (collectively "Defendants ") Limited Objection to Magistrate Judge's September 18, 2015 Order addressing replacement expert testimony. Doc. #139.[1] Plaintiffs Melissa Ann Wright, Court Appointed Guardian of Brogan Zane Wright, Karen Reiger, and Mike Reiger (collectively "Plaintiffs") filed a response (Doc. #140), to which Defendants replied (Doc. #141).

**I. Factual and Procedural Background**

After the death of Dr. John Siegler, one of Plaintiffs' expert witnesses, who died unexpectantly in July 2014, Plaintiffs sought and received permission in October 2014 to designate a replacement expert to provide similar opinions premised on a similar foundation as

---

[1] Refers to the Court's docket number.

1

those rendered by the deceased expert. The new expert, Dr. Armando Miciano, was designated in late 2014, completed his work in December and January, and was deposed on February 18, 2015. On August 12, 2015, Defendants filed a motion to strike the new expert's testimony because his opinions were substantially different from those offered by the deceased expert. Doc. #116. On September 18, 2015, Magistrate Judge Foley held a hearing on the motion to strike. Doc. #136. Judge Foley granted the motion, subject to the condition that Plaintiffs may seek an alternative opinion from the replacement witness regarding Brogan Wright's mental and/or physical condition and future care needs in accordance with those previously rendered by Plaintiffs' deceased expert. Doc. #136. On October 2, 2015, Defendants filed their limited objection to the condition placed by Judge Foley on the granting of the motion to strike. Doc. #139. On October 19, 2015, Plaintiffs filed their response (Doc. #140), and on October 28, 2015, Defendants filed their reply (Doc. #141).

**II. Discussion**

Local Rule IB 3-1 authorizes a district judge to reconsider any pretrial matter referred to a magistrate judge pursuant to LR IB 1-3 where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. This standard of review is significantly deferential to the initial ruling. "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir.2010) (quotation omitted). The order "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D.Cal.2007). The Court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir.1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Conant v. McCoffey*, C 97–0139, 1998 WL 164946, at *2 (N.D.Cal. Mar. 16, 1998).

In their objection, Defendants argue that the Magistrate Judge's Order allowing Plaintiffs to seek an alternative opinion from Dr. Miciano regarding Wright's mental and/or physical condition and future care needs in accordance with those previously rendered by Dr. Siegler

permits Plaintiffs to seek a wholesale substitution of new opinions neither contained in Dr. Miciano's report nor addressed in his deposition. Defendants contend there is no legal basis for the relief afforded to the Plaintiffs, the relief afforded is contrary to the law, and the Plaintiffs have been afforded relief they never sought.

The court has reviewed the documents and pleadings on file in this matter, as well as the transcripts of the hearings before Judge Foley, and finds that Defendants have failed to show that the condition placed in his order is either contrary to law or clearly erroneous. It also appears likely that Dr. Miciano was redeposed following Judge Foley's order and neither the subject matter of his testimony nor his testimony has met with further objection by the Defendants. In ruling on the motion to strike, it is clear that Magistrate Judge Foley carefully considered the positions of all parties, the late timing of Defendants' motion, and fashioned relief that was fair and reasonable to both sides. It was within Judge Foley's discretion to grant such relief, and it was neither contrary to law nor clearly erroneous.

Accordingly, Defendants' objection to the Magistrate Judge's September Order (Doc. #139) is DENIED.

IT IS SO ORDERED.

DATED this 13th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE