UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

MELISSA ANN WRIGHT, Court Appointed
Guardian of BROGAN ZANE WRIGHT,
KAREN REIGER, and MIKE REIGER,

    Plaintiffs,

    v.

WATKINS AND SHEPARD TRUCKING,
INC., a Montana Corporation; GREGORY
ANDREW BRITT, an individual, Does 1
through 5, and Roes 1 through 5,

    Defendants.

2:11-CV-01575-LRH-GWF

ORDER

Before the court is defendants Watkins and Shepard Trucking, Inc. ("Watkins") and

Gregory Britt's ("Britt") (collectively "Defendants") Motions in Limine.  Doc. #118, 119, and

120.[1]  Plaintiffs Melissa Ann Wright, Court Appointed Guardian of Brogan Zane Wright

("Wright"), Karen Reiger, and Mike Reiger (collectively "Plaintiffs") filed responses (Doc. #

132, 133, and 134).

**I. Factual Background**

This is a motor vehicle negligence case scheduled for bench trial in June 2016.  On

August 14, 2015, Defendants filed the present motions in limine to preclude certain evidence at

---

[1] Refers to the Court's docket number.

1

1   trial.  Doc. 118, 119, and 120.  On September 14, 2015, Plaintiffs responded.  Doc. # 132, 133,

2   and 134.

3   **II. Legal Standard**

4           A motion in limine is used to preclude prejudicial or objectionable evidence before it is

5   presented to the jury.  Stephanie Hoit Lee & David N. Finley, *Federal Motions in Limine* § 1:1

6   (2012).  The decision on a motion in limine is consigned to the district court's discretion -

7   including the decision of whether to rule before trial at all.  *See Hawthorne Partners v. AT&T*

8   *Techs., Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (noting that a court may wait to resolve the

9   evidentiary issues at trial, where the evidence can be viewed in its "proper context").  Motions in

10  limine should not be used to resolve factual disputes or to weigh evidence, and evidence should

11  not be excluded prior to trial unless "the evidence [is] inadmissible on all potential grounds."

12  *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  Even then,

13  rulings on these motions are not binding on the court, and the court may change such rulings in

14  response to developments at trial.  *See Luce v. United States*, 469 U.S. 38, 41 (1984).

15          Generally, all relevant evidence is admissible.  Fed. R. Evid. 402.  Evidence is relevant if

16  it has "any tendency to make the existence of any fact that is of consequence to the determination

17  of the action more probable or less probable than it would be without the evidence."  Fed. R.

18  Evid. 401.  The determination of whether evidence is relevant to an action or issue is expansive

19  and inclusive.  *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).

20  However, the court may exclude otherwise relevant evidence "if its probative value is

21  substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.  Further,

22  evidence may be excluded when there is a significant danger that the jury might base its decision

23  on emotion, or when non-party events would distract reasonable jurors from the real issues in a

24  case.  *See Tennison v. Circus Circus Enterprises, Inc*., 244 F.3d 684, 690 (9th Cir. 2001); *United*

25  *States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985).

26  ///

**III. Discussion**

In their first set of motions in limine, Defendants argue that (1) Dr. Schifini is unqualified to render opinions regarding the diagnosis and future prognosis of Mr. Wright's cognitive functioning, future work life capacity and loss of earnings, and long term care needs; (2) Dr. Schifini and Dr. Siegler's opinions regarding Mr. Wright's cognitive functioning, future work-life capacity and loss of earnings, and long term care needs are not based on a reliable and accepted methodology; (3) the Court should exclude the "addendum" of Dr. Siegler as untimely and the basis for the opinions offered therein is information Dr. Siegler possessed three months prior to the close of discovery; (4) Plaintiffs' treating physicians may not testify because they were not disclosed as witnesses in accordance with FRCP 26; and (5) the Court should exclude testimony of Enrique Vega and Terrance Clauretie regarding Mr. Wright's loss of earnings and work-life capacity because they failed to base their calculations on a reliable methodology.

In their second set of motions in limine, Defendants argue that (1) the Court should preclude the opinions of Brian Jones that go beyond rebuttal opinions and for which Mr. Jones is unqualified to offer; (2) the animation created by Mr. Jones as it is inaccurate, misleading, unfounded, and untimely disclosed; (3) the Court should preclude Plaintiffs from arguing or soliciting testimony that Mr. Britt was subject to a higher standard of care as a commercial truck driver; (4) the Court should exclude the testimony of Terrance Clauretie pursuant to FRE 403 as duplicative, unnecessary, and a waste of time; (5) the Court must exclude any evidence of or reference to Mr. Britt's traffic citation, plea of no contest plea, and judgment of conviction following the accident; (6) the Court should preclude references to citations and accidents unassociated with the subject accident as irrelevant and unfairly prejudicial; (7) the Court should exclude Plaintiffs' computation of damages because it is not supported by admissible evidence and fails to comply with the requirements of FRCP 26; (8) the Court should prevent any references to, arguments relying upon, or evidence or testimony of witnesses that were not timely disclosed, produced, or supplemented pursuant to FRCP 26; and (9) the Court should exclude

any videotaped or photographic evidence of Mr. Wright while he was in the hospital as such evidence is unfairly prejudicial and not relevant to Mr. Wright's actual damages.

In their third set of motions in limine, Defendants argue that (1) the Court should preclude Plaintiffs from presenting any evidence of the post-accident DOT investigation as irrelevant and unfairly prejudicial; (2) the Court should preclude Plaintiffs from presenting any evidence of Karen Reiger's medical expenses as Plaintiffs failed to designate any witness capable of testifying that she reasonably and necessarily incurred medical expenses as a result of this accident; (3) the Court should preclude Plaintiffs from making any arguments in support of their claims for negligent infliction of emotional distress, as there is no evidence to support the elements of said claims; (4) the Court should preclude Plaintiffs from making any reference to the claims of punitive damages and negligent employment, supervision, and training against Watkins and Shepard as irrelevant and prejudicial; (5) the Court should preclude Plaintiffs from offering evidence of Watkins and Shepard's financial condition as irrelevant and limit evidence of Mr. Britt's financial condition consistent with the requirements of NRS 42.005; (6) the Court should preclude Plaintiffs from arguing Mr. Britt could see Mr. Wright in sufficient time to stop his vehicle or that he intentionally ran Mr. Wright down; (7) the Court should preclude Plaintiffs from making any argument or reference to Mr. Britt's logbooks, time to drive, or the amount of time Mr. Britt was awake prior to the accident as all such evidence is irrelevant; (8) the Court should exclude any and all evidence of the conduct of Watkins and Shepard as irrelevant to any issue in this case; (9) the Court should exclude as irrelevant any evidence or argument relating to the employment file of Mr. Britt; (10) the Court should exclude, pursuant to FRE 608, the presentation of any extrinsic evidence intended solely to bolster or attack the credibility of any witness; (11) the Court, pursuant to FRE 402 and FRE 403, should exclude the presentation of evidence that has no tendency to make any fact of consequence to the determination of the negligence issues or Mr. Britt's state of mind more or less probable than without the exhibits; (12) the Court should prevent any references to, arguments relying upon, or evidence or

4

testimony of witness that were not timely disclosed or produced pursuant to FRCP 26(a) and (e), or disclosed in the Pretrial Order; (13) the Court should preclude Plaintiffs from arguing that the distance the mirrors extended from the vehicle caused Mr. Wright's injuries; (14) the Court should preclude Plaintiffs from referring to the leave Mr. Britt took following the accident and any refresher course Mr. Britt underwent following his return to work; (15) the Court should preclude Plaintiffs from referring to an "emergent situation" and/or "emergency situation"; (16) the Court should exclude the use of expert reports as evidence at trial because such reports are inadmissible hearsay; (17) the Court should prohibit Plaintiffs from arguing that Defendants' expert Dale Fridley concluded that Mr. Britt could see Mr. Wright "well in advance" of the accident; (18) the Court should prohibit Plaintiffs from calling Watkins and Shepard's trial representative as a witness; (19) the Court should limit the testimony of Plaintiffs' experts to those opinions stated in their expert reports; (20) the Court should exclude all references to, arguments concerning, and evidence of stress, emotional distress, or mental anguish allegedly suffered by Plaintiffs as a result of this litigation; (21) the Court should prevent counsel from making "golden rule" arguments, improperly infusing arguments with personal opinions, or asking the court to decide issues in the case based on larger social or moral issues; (22) the Court should exclude evidence of any liability insurance; (23) the Court should forbid any comment or argument regarding the presence or absence of any party from the courtroom; (24) the Court should require that any demonstrative aids and/or exhibits that counsel will rely on during opening statements be revealed to opposing counsel immediately before opening statements, such that objections thereto may be lodged with the Court and ruled upon without interruption.

        As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. "Where the gatekeeper and the factfinder are one and the same—that is, the judge—the need to make such decisions prior to hearing the testimony is

5

lessened." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006). A primary purpose of a motion in limine is to permit the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. S*ee Pinal Creek Group v. Newmont Mining Corp.*, No. CV–91–1764–PHX–DAE, 2006 WL 1766494, at * 1 (D.Ariz. June 26, 2006). In resolving evidentiary disputes before trial, motions in limine avoid the need to "unring the bell" once inadmissible evidence has been presented to the jury. *Id.* (internal quotation marks and citation omitted).

The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. *Id.* When ruling on motions in limine, a court is forced to determine the admissibility of evidence without the benefit of the context of trial. *See LaConner Assocs. Ltd. Liab. Co. v. Island Tug and Barge Co.*, No. C07–175RSL, 2008 WL 2077948, at *2 (W.D.Wash. May 15, 2008); *Rettiger v. IBP, Inc.*, No. 96–4015–SAC, 1999 WL 318153, at * 1 (D.Kan. Jan.6, 1999) (recognizing that a court is almost always better situated during the actual trial to assess the value and utility of evidence). Moreover, because "the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous." *United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009). The more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility. S*ee Commerce Funding Corp. v. Comprehensive Habilitation Servs., In*c., No. 01 Civ 3796(PKL), 2004 WL 1970144, at *5 (S.D.N.Y. Sept. 3, 2004). "There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself." *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005).

### A. First Set of Motions in Limine

#### 1. Dr. Schifini's Qualifications

Defendants argue that Dr. Schifini, one of Plaintiff's medical experts, is unqualified to render opinions regarding the diagnosis and future prognosis of Wright's cognitive functioning,

1    future work life capacity and loss of earnings, and long term care needs because he is not a

2    neurologist or neuropsychologist.  Plaintiffs argue that Dr. Schifini is qualified to testify because

3    he is a licensed, practicing physician with experience as a primary evaluator of patients and

4    coordinated care amongst multiple disciplines.

5          To qualify as an expert witness, "a witness must be shown to be sufficiently qualified by

6    'knowledge, skill, experience, training, or education' before he will be permitted to give expert

7    testimony."  *Whiting v. Boston Edison Co*., 891 F. Supp. 12, 24 (D. Mass. 1995).  Although a

8    medical doctor need not be a licensed specialist in the particular area to which he intends to

9    testify, he must be sufficiently familiar with the field so as to be able to offer meaningful and

10   reliable opinions.  *Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987) (in which the

11   Court accepted psychiatric testimony from a family doctor).

12         The Court finds that Dr. Schifini is qualified to testify in the objected areas.  Dr. Schifini

13   is a licensed physician who has been practicing for more than two decades.  Dr. Schifini has

14   extensive experience reviewing medical records and testifying as to treatment, particularly in the

15   area of work evaluations.  His practice includes evaluating treatment provided to individuals

16   suffering from brain injuries, back injuries, head injuries, and soft tissue injuries.  Dr. Schifini

17   has demonstrated sufficient knowledge, skill, experience, training, and education to testify as an

18   expert here.  Therefore, the motion in limine is denied.

19                    **2.   Dr. Schifini and Dr. Siegler's Methodology**

20         Defendants argue that the Court should exclude any opinions and testimony from Dr.

21   Schifini and Dr. Siegler, another of Plaintiff's medical experts, regarding the diagnosis,

22   assessment, and prognosis of Wright's cognitive abilities because neither doctor performed any

23   neurological tests or reviewed the records necessary to assess these issues.

24         For scientific opinion, the court must assess the reasoning or methodology, using as

25   appropriate such criteria as testability, publication in peer reviewed literature, and general

26   acceptance, but the inquiry is a flexible one.  *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir.

2010), as amended (Apr. 27, 2010) (in which the Court ruled the doctor's testimony admissible despite the fact that the doctor never saw or spoke to the patient). Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion. *Id.* Similarly, the Sixth Circuit held that a district court abused its discretion by excluding a physician's testimony based on extensive, relevant experience even though he had not cited medical literature supporting his view. *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 982 (6th Cir.2004). Likewise the Third Circuit pointed out that a doctor's experience might be good reason to admit his testimony. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 406–07 (3d Cir.2003).

   Here, the challenges to Dr. Siegler and Dr. Schifini's methodology go more toward weight than admissibility, especially since this is a bench trial. Both doctors are qualified, have experience testifying in this area, and personally examined Wright in keeping with their experience. Their methodology is acceptable to support their testimony, and the motion in limine is denied.

### 3.  Dr. Siegler's Addendum

   Defendants argue that Dr. Siegler's addendum should be excluded as untimely and not in compliance with Federal Rule of Civil Procedure ("FRCP") 26(e). Plaintiffs counter that the Defendants have not been prejudiced because they examined Dr. Siegler regarding the damages calculations that were the basis of the addendum.

   While the addendum by Dr. Siegler was untimely, the Defendants were not prejudiced by it. The damage calculations were the subject of cross examination at Dr. Seigler's deposition 19 months before his death and the addendum itself was physically produced one month after his deposition. The prejudicial effect is the key factor, and here there was none. *Richardson v. Korson*, 905 F. Supp. 2d 193, 199 (D.D.C. 2012) (in which the Court noted that "[t]echnical compliance with the rule's limitations, nevertheless, has not always proved fatal, since courts have instead applied a more flexible approach, focusing on the prejudicial effect of the late

disclosure"). Moreover, this subject matter is related to similar prospective testimony from Dr. Miciano, who has been fully deposed by Defendants. The Court finds there is no prejudice to the defendants, the addendum is a qualified subject of testimony, and the motion in limine is denied.

### 4. Non-disclosure of Treating Physicians

Defendants argue that Plaintiffs should be precluded from offering the testimony of Plaintiffs' treating physicians because Plaintiffs did not disclose the physicians within the requirements of FRCP 26(a). Plaintiffs argue that Defendants were able to identify the medical providers through the provided medical records.

Rule 26(a) provides that a plaintiff must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FRCP 26(a)(1)(A)(i). When a party fails to identify a witness, the party is not allowed to use that witness at trial unless the failure was substantially justified or harmless. FRCP 37(c)(1).

Here, the physicians were not properly disclosed under FRCP 26(a); however, they were disclosed through the medical records which were timely provided. Their depositions were taken by the defense. Although the Court does not excuse a failure to properly disclose the doctors' names, the Court does find that the physicians were identified early on in the litigation, and there has been no prejudice to the defense. Because the failure to identify the treating physicians was ultimately harmless, they will be allowed to testify.

### 5. Methodology of Enrique Vega and Terrance Clauretie

Defendants argue that the testimony of economic experts Enrique Vega and Terrance Clauretie is based on flawed methodology and should therefore be excluded. Plaintiffs respond that the witnesses are qualified and their methodology sound.

To qualify as an expert witness, "a witness must be shown to be sufficiently qualified by 'knowledge, skill, experience, training, or education' before he will be permitted to give expert

9

testimony." *Whiting*, 891 F. Supp. at 24.  For scientific opinion, the court must assess the reasoning or methodology, using as appropriate such criteria as testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one. *Primiano*, 598 F.3d at 564.

The Court finds that Vega and Clauretie are qualified to testify.  Both men have experience in vocational assessments and completed a thorough review of Wright's medical records.  Further, the methodology they used has been backed by several peer reviewed articles. Ultimately, Defendants objections go more to the weight of the testimony than its admissibility. Thus, the Court denies Defendants' motion in limine.

### B.  Second Set of Motions in Limine

#### 1.  The Opinions of Brian Jones

Defendants argue that because Brian Jones is a rebuttal witness, his testimony should be limited to rebutting the testimony of Defendants' accident reconstructionist, Dale Fridley. Plaintiffs respond that Jones' opinions are in direct contradiction to the defense expert's report and should not be excluded.  The defense also challenges Jones' qualifications as to the standard of care applicable to commercial truck drivers.

To qualify as an expert witness, "a witness must be shown to be sufficiently qualified by 'knowledge, skill, experience, training, or education' before he will be permitted to give expert testimony." *Whiting*, 891 F. Supp. at 24.  Moreover, FRCP 26(a)(2)(D) limits rebuttal expert opinions to those matters that are "intended solely to contradict or rebut evidence on the same subject matter identified by another party."

The Court finds that Jones is a qualified witness to testify.  Jones is a licensed engineer and has worked in the field of accident reconstruction for more than two decades.  However, his testimony will be limited to rebuttal of the defense witness Fridley.  The Court also notes that the cause of the accident is a broad issue and that the Court's inclination is that Jones' rebuttal testimony should be admissible without being specifically narrowed to rebutting specific

components of Fridley's testimony.  Thus, the Court denies the motion in limine but defers final ruling until trial.

### 2.    Jones' Animation

Defendants argue that Jones' animation fails to meet the standard necessary for admission into evidence, demonstrative or otherwise.  Plaintiffs argue that the animation is founded on the testimony of Britt, and a proper basis has been presented for its creation.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

### 3.    Jones' Statements Regarding Standard of Care

Defendants argue Plaintiffs should be precluded from suggesting Britt was subject to a higher standard of care as a commercial truck driver.  Plaintiffs respond that they will not be arguing standard of care, but Britt's knowledge of how much more difficult it would be to stop a truck in the event of an emergency.

The court denies this motion in limine without prejudice and reserves the issue for trial.

### 4.    Terrance Clauretie's Testimony

Defendants argue that the testimony of Terrance Clauretie should be excluded pursuant to Federal Rule of Evidence ("FRE") 403 because it is duplicative, unnecessary, and a waste of time.  Plaintiffs disagree because Clauretie is a necessary component of the report and the calculations contained therein.

The court denies this motion in limine.

### 5.    Traffic Citation, Plea of No Contest, Judgment of Conviction

Defendants argue that the misdemeanor citation, no contest plea, and judgment of conviction are inadmissible under Nevada law.  Plaintiffs argue that they intend to use the citation and judgment of conviction to impeach Britt and to attack the Defendants' arguments regarding fault being determined by the police officers on the night in question.

The misdemeanor citation, no contest plea, and judgment of conviction are not admissible under Nevada law.  *See* FRE 410(2) (a plea of nolo contendere is inadmissible in a civil action

against the defendant who made the plea); NRS 48.125 ("Evidence of a plea of nolo contendere or an of an offer to plea nolo contendere to the crime charged or any other crime is not admissible in a civil or criminal proceeding involving the person who made the plea or offer."); *Langon v. Matamoros*, 121 Nev. 142, 111 P.3d 1077 (2005) (the Nevada Supreme Court held that evidence of a misdemeanor traffic violation is not admissible under NRS 41.133, which allows conviction of a crime to serve as conclusive evidence of facts necessary to impose civil liability). Thus, the Court grants the motion in limine to exclude any evidence of or reference to Britt's traffic citation, plea of no contest, and judgment of conviction following the accident, but does note that this does not extend to the investigation of the accident by the investigating officers.

### 6.  Prior Citations

Defendants argue that the Court should preclude references to citations and accidents unassociated with the subject accident as irrelevant and unfairly prejudicial.  Plaintiffs state that they do not intend to introduce prior citations issued to Britt in their case in chief.  Thus, the motion in limine is granted.

### 7.  Plaintiffs' Damages Computation

Defendants argue that the Court should exclude Plaintiffs' computation of damages because it is not supported by admissible evidence and fails to comply with the requirements of FRCP 26.  Plaintiffs argue that they did properly provide a computation of damages and that even then the Defendants have not been prejudiced in any way by the calculations provided.

The court denies this motion in limine without prejudice and reserves the issue for trial.

### 8.  Undisclosed Witnesses

Defendants argue that the Court should prevent any references to, arguments relying upon, or evidence or testimony of witnesses that were not timely disclosed, produced, or supplemented pursuant to FRCP 26.  Plaintiffs argue that they did timely disclose their witnesses

12

and produce their documents and that even then the Defendants have not been prejudiced in any way.

The Court denies this motion in limine without prejudice.

### 9.  Video and Photographic Evidence of Wright

Defendants argue that the photographic and video evidence of Wright in the hospital following the accident are irrelevant and unfairly prejudicial.  Plaintiffs argue that the photographic and video evidence is relevant to show Wright's condition during his recovery.

The Court finds that the photographic and video evidence of Wright in the hospital may be relevant to Wright's injuries and pain and suffering.  As to potential prejudice, "excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'"  *United States v. Kienlen*, 349 F.App'x 349, 351 (10th Cir.2009) (unpublished) (quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir.1981)).  Under the Federal Rules of Evidence, "admissibility of evidence is favored unless the probative value of the evidence is so low as to warrant exclusion when prejudice is a factor."  *Coffey v. United States*, No. CIV 08-0588 JB/LFG, 2012 WL 1698289, at *3-4 (D.N.M. May 8, 2012).  Rule 403 was designed "to keep evidence not germane to any issue outside the purview of the jury's consideration."  *Id.*   For a bench trial, "we are confident that the district court can hear relevant evidence, weigh its probative value and reject any improper inferences."  *Id.*  The motion in limine is denied.

### C.  Third Set of Motions in Limine

#### 1.  Post-accident DOT Investigation

Defendants argue that the Court should preclude Plaintiffs from presenting any evidence of the post-accident Department of Transportation investigation because it is irrelevant and unfairly prejudicial.  Plaintiffs oppose upon grounds of relevancy.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

///

13

### 2.  Karen Reiger's Medical Expenses

Defendants argue that Plaintiffs should be precluded from presenting any evidence of Karen Reiger's medical expenses because Plaintiffs failed to designate any witness capable of testifying that she reasonably and necessarily incurred medical expenses as a result of the accident.  Plaintiffs argue that Karen Reiger's medical providers are competent to testify regarding the necessity and reasonableness of the treatment.

The Court denies this motion in limine as moot because her case has been dismissed due to her acceptance of an Offer of Judgment and the entrance of judgment in her favor by the clerk. Doc. #153 and 154.

### 3.  Negligent Infliction of Emotional Distress

Defendants argue that Plaintiffs should be precluded from making any arguments in support of their claims for negligent infliction of emotional distress because there is no evidence to support those claims.  Plaintiffs argue that the claims should be able to proceed.

The Court denies this motion in limine without prejudice and reserves the issue for trial, but notes that the Court's preliminary impression is that due to their personal involvement in the accident Plaintiffs qualify as NIED claimants.

### 4.  Punitive Damages and Watkins and Shepard

Defendants argue that because the Court granted summary judgment in favor of Watkins and Shepard on the claim for negligent employment, supervision, and training, and the requested punitive relief, the claims are irrelevant and Plaintiffs should not be allowed to reference them. Plaintiffs argue that they do not intend to rely on this evidence, but if it becomes relevant based upon testimony by the Defendants, then Plaintiffs should be allowed to respond in rebuttal.  The Court granted summary judgment on the punitive damages claims against Watkins and Shepard and the motion in limine is granted.

///

///

14

**5.** Britt's and **Watkins and Shepard**'s Financial Condition

Defendants argue that because the Court granted summary judgment to Watkins and Shepard on the punitive damages claims, their financial condition is irrelevant and must be excluded by the Court.  They further argue that pursuant to NRS 42.005, any determination regarding the assessment of punitive damages must be done in a separate phase of trial from the determination of the underlying liability, and thus any evidence on his financial condition should be barred until it becomes relevant.  Plaintiffs state that they do not intend to introduce evidence on the financial position of Watkins and Shepard.  The Court grants the motion in limine.

**6.** Britt's Vision

Defendants argue that Plaintiffs should be precluded from arguing that Britt could see Wright in sufficient time to stop his vehicle because the argument is not supported by admissible evidence.  Plaintiffs argue that they should be allowed to argue that Britt failed to operate his vehicle in a manner which shows a conscious disregard.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

**7.** Britt's Logbook

Defendants argue that Plaintiffs should not be allowed to make any argument or reference to Britt's logbooks, time to drive, or the amount of time Britt was awake prior to the accident because that evidence is irrelevant.  Plaintiffs argue that this is all relevant, especially as to the issue of punitive damages.

The Court denies this motion in limine without prejudice and reserves the issue for trial, but notes that the subject of the logbooks and any falsification of them may be relevant to the issues of both negligence and punitive damages.  It is also potentially admissible for cross examination and impeachment of Britt.

**8.  Conduct of Watkins and Shepard**

Defendants argue that because Watkins and Shepard were granted summary judgment on the punitive damages and negligent hiring and training issues, their conduct is no longer relevant

15

to any issue of consequence in this action.  Plaintiffs argue that their conduct is relevant in this instance.

The Court is inclined to think that the conduct of Watkins and Shepard is not relevant here, but will deny the motion in limine without prejudice and reserve the issue for trial.

### 9.  Britt's Employment File

Defendants argue that Britt's work history pertaining to his fitness as a driver and his post-accident application for unemployment shed no light on whether he acted negligently at the time of the accident or his state of mind; therefore, the Court should exclude the employment file as evidence at trial.  Plaintiffs argue that the information in Britt's employment file is relevant to establish Britt's failure to testify honestly.

This Court denies the motion in limine without prejudice and reserves ruling for trial.

### 10. Impeachment Evidence

Defendants argue that extrinsic evidence intended solely to bolster or attack the credibility of any witness should be excluded pursuant to FRE 608.  Plaintiffs argue that such evidence is relevant.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

### 11. Britt's State of Mind

Defendants argue that any evidence that has no tendency to make any fact of consequence to the determination of the negligence or Mr. Britt's state of mind more or less probable than without the exhibits should be excluded pursuant to FRE 402 and FRE 403. Plaintiffs argue that Britt's state of mind is relevant given the punitive damages claim.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

### 12. Undisclosed Witnesses

Defendants argue that the Court should prohibit any evidence or witnesses that were not timely produced or disclosed pursuant to FRCP 26(a) and (e), or disclosed in the Pretrial Order. Plaintiffs argue all treating physicians have been properly disclosed.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

**13. Truck Mirrors**

Defendants argue that Plaintiffs should not be allowed to argue that the distance the mirrors extended from the vehicle caused Wright's injuries because there is no evidence suggesting that but for the alleged extra two inches on the mirrors, the accident would not have occurred and Wright would have escaped injury.  Plaintiffs argue that the location of the mirrors is relevant to the accident analysis.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

**14. Britt's Leave and Refresher Course**

Defendants argue that Britt's leave and refresher course were post-accident events that could not have caused or contributed to the accident, they should not be admitted as evidence. Plaintiffs argue that this is relevant information.

Defendants specifically argue that the refresher course was a subsequent remedial measure and therefore inadmissible.  FRE 407 states that "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence, culpable conduct …."

The Court agrees that the refresher course was a subsequent remedial measure and grants the motion in limine as to it; however, the Court denies the motion in limine as to Britt's leave without prejudice, since the subject matter of Britt's leave following the accident could become a cross examination or impeachment issue.

**15. "Emergent" and "Emergency"**

Defendants argue that characterizing the situation prior to the accident as an "emergent situation" and/or "emergency situation" is unsupported by the evidence, misleading, and unfairly prejudicial.  Plaintiffs argue that these are accurate descriptors.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

///

17

**16. Expert Reports**

Defendants argue that the report of any expert is not admissible as evidence at trial because they are hearsay.  Plaintiffs argue that any expert report should be treated equally between the parties.

The Court views physical expert reports themselves as hearsay.  *Menalco v. Buchan*, No. 207-CV-01178-PMP-PAL, 2010 WL 428911, at *17 (D. Nev. Feb. 1, 2010).  However, the Court denies this motion in limine without prejudice and reserves the issue for trial.

**17. *Fridley's Statements***

Defendants argue that Plaintiffs should not be allowed to use statements from Fridley's preliminary analysis because it would be unfairly prejudicial.  Plaintiffs argue that their statements are not a mischaracterization and questions on Fridley's conclusions should be allowed.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

**18. Trial Representative as Witness**

Defendants argue that because their trial representative may have no personal knowledge of the circumstances surrounding the accident or the injuries to Plaintiffs, Plaintiffs should be prohibited from calling them as a witness.  Plaintiffs argue that they cannot respond because they do not know who will be present at trial.

The Court grants the motion in limine, unless the trial representative has also been listed as a witness or becomes relevant as a rebuttal witness.

**19. Expert Opinions**

Defendants argue that pursuant to FRCP 26(a)(2)(B) and FRCP 26(e)(2), an expert should not be allowed to testify and offer opinions beyond those stated in his expert report. Plaintiffs state they have no objections to the testimony of experts being limited to that which has been provided through the course of discovery.

The Court denies this motion in limine without prejudice and reserves the issue for trial.

18

## 20. Litigation Stress

Defendants argue that the Court should exclude all references to, arguments concerning, and evidence of stress, emotional distress, or mental anguish allegedly suffered by Plaintiffs as a result of the litigation because it is not a recoverable component of damages.  Plaintiffs argue that they are entitled to show all the emotional suffering they have endured as a result of the accident.

"Federal court decisions are unanimous in holding that litigation-induced stress may not be recovered as damages."  *Picogna v. Bd. of Educ. of Twp. of Cherry Hill*, 143 N.J. 391, 397-99, 671 A.2d 1035, 1038-39 (1996).  In a negligence action against a government employer, Judge Posner observed: "It would be strange if stress induced by litigation could be attributed in law to the tortfeasor.  An alleged tortfeasor should have the right to defend himself in court without thereby multiplying his damages...." *Stoleson v. United States*, 708 F.2d 1217, 1223 (7th Cir.1983); *see Timms v. Rosenblum*, 713 F.Supp. 948, 955 (E.D.Va.1989), aff'd, 900 F.2d 256 (4th Cir.1990) (denying recovery for litigation-induced stress in legal malpractice case because mental anguish attends all litigation); *Clark v. United  States*, 660 F.Supp. 1164, 1200 (W.D.Wash.1987), aff'd, 856 F.2d 1433 (9th Cir.1988) (suggesting that although stress of litigation is caused by the underlying harm, pursuit of litigation is a matter of choice).

The Court grants the motion in limine.

## 21. Golden Rule Arguments

Defendants argue that Plaintiffs should be barred from making "golden rule" arguments, improperly infusing arguments with personal opinions, or asking the Court to decide issues in the case based on larger social or moral issues because of the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the finder of fact under FRE 403.  Plaintiffs argue that any limitation should apply to both sides.

This Court grants the motion in limine, and there shall be no "golden rule" arguments by either side.

**22. Liability Insurance**

Defendants argue that the Court should exclude any evidence of liability insurance pursuant to FRE 411.  Plaintiffs do not object so long as this preclusion is applied equally to both sides.

This Court grants the motion in limine as evidence of liability insurance is irrelevant and inadmissible under FRE 411 and FRE 403.

**23. Courtroom Presence**

Defendants argue that the Court should forbid any comment or argument regarding the presence or absence of any party from the courtroom as irrelevant and unfairly prejudicial. Plaintiffs do not object so long as this preclusion is applied equally to both sides.

The Court grants the motion in limine.

**24. Demonstrative Aids**

Defendants argue that the Court should require that any demonstrative aids that will be used during opening statements be revealed to opposing counsel prior to opening statements. Plaintiffs do not object so long as this is applied equally to both sides.

The Court denies the motion in limine as moot because it is already this Court's practice and policy that any demonstrative aids or exhibits which counsel intends to refer to during opening statements or at any time during trial should be disclosed to opposing counsel beforehand (to the extent reasonably possible).

**IV. Conclusion**

IT IS THEREFORE ORDERED that Defendants' motions in limine (Doc. #118, 119, and 120) are GRANTED in-part and DENIED in-part in accordance with this order.

IT IS SO ORDERED.

DATED this 19th day of January, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE