1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9  MELISSA ANN WRIGHT, Court Appointed
Guardian of BROGAN ZANE WRIGHT,
10  KAREN REIGER, and MIKE REIGER,

                                                    2:11-CV-01575-LRH-GWF

11          Plaintiffs,

                                                    ORDER
12      v.

13  WATKINS AND SHEPARD TRUCKING,
INC., a Montana corporation; GREGORY
14  ANDREW BRITT, an individual, DOES 1
through 5, and ROES 1 through 5,
15
            Defendants.
16

17          Before the court is Plaintiffs Melissa Ann Wright, Court Appointed Guardian of Brogan

18  Zane Wright, Karen Reiger, and Mike Reiger's (collectively "Plaintiffs") Motion to Allow

19  Documents Regarding Plaintiff Brogan Wright's Recent Termination from Employment to Be

20  Utilized at Trial and Allow Witness Identified Regarding Termination of Employment to Testify

21  at Trial.  ECF No. 161.[1]  Defendants Gregory Andrew Britt and Watkins and Shepard Trucking,

22  Inc. (collectively "Defendants") filed an Opposition (ECF No. 163), to which Plaintiffs replied

23  (ECF No. 164).

24  **I. Facts and Procedural History**

25          This action is currently set for trial on June 6, 2016.  Brogan Wright was employed

26  through Opportunity Village as a bathroom attendant at McCarran International Airport from

27  March 26, 2014 to June of 2015.  On April 21, 2016, Plaintiffs served a subpoena duces tecum

28
_____

[1] Refers to the Court's docket number.

1

on Opportunity Village and obtained Brogan Wright's employment file.  That same day, they emailed Brogan Wright's employment file to Defendants.  On April 25, 2016 Plaintiffs provided Defendants with a Rule 26 Supplement identifying four new witnesses.  Then on May 13, 2016, three weeks after providing Defendants with the Rule 26 supplement, Plaintiffs filed the present motion to allow documents regarding Brogan Wright's recent termination from employment to be utilized at trial and allow witness identified regarding termination of employment to testify at trial.  ECF No. 161.  Defendants responded on May 23, 2016.  ECF No. 163.  Plaintiffs filed a reply on May 24, 2016.  ECF No. 164.

**II. Legal Standard**

As Plaintiffs disclosed their new witnesses in a Rule 26 Supplement, the question then turns to whether or not the court should modify the pretrial order to allow the newly identified witnesses to testify.  "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."  Fed. R. Civ. P. 16.  Moreover, the Court's Local Rules state that "no witnesses shall be permitted to testify at the trial unless listed in the pretrial order.  However, for good cause shown, the Court may allow an exception to this provision."  LR 16-3(d).  The decision whether a witness not named in the pretrial order may testify is a "matter[ ] peculiarly within the trial court's discretion."  *Forro Precision, Inc. v. International Bus. Machines Corp.*, 673 F.2d 1045, 1058 (9th Cir. 1982), cert. denied, 471 U.S. 1130, 105 S.Ct. 2664, 86 L.Ed.2d 280 (1985).

**III. Discussion**

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice."  Fed. R. Civ. P. 16(e); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998).  "In evaluating a motion to amend a pretrial order a district court should consider four factors: (1) the degree of prejudice or surprise to the defendant[ ] if the order is modified; (2) the ability of defendant[ ] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification."  *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd*, 137 F.3d at 1132).  After considering these factors, if "the court determines that

refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir.1981).  The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay.  *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir.1977).  In such a case, "[a]ny injustice resulting from exclusion ... comes from [the defaulting party's] own failure properly to present his case." *Id.*

Here, the degree of prejudice to the Defendants is simply too high to justify amending the pretrial order.  Brogan Wright's employment ended in June of 2015, but Plaintiffs did not identify their new witnesses until more than ten months later and nine months after the issuance of the joint pretrial order on July 10, 2015.  Plaintiff's counsel only sought to obtain updated information on Brogan Wright in 2016, more than six months after his employment ended.  Plaintiffs then filed their motion to allow the witnesses to testify mere weeks before the trial is set to begin.  It would be prejudicial to expect Defendants to depose the four new witnesses in the brief time before trial while also preparing for trial or for them to go into the trial not knowing the prospective testimony of theses witnesses.  Further, the potential effect on Defendants' trial strategy at this late date, after relying on the witness list contained in the pretrial order for nearly a year, and the possibility that, as a result of the testimony of these witnesses, the Defendants "may need further discovery for rebuttal evidence, thereby resulting in prolonging the proceedings" further weighs against granting this motion.  *Eberle v. Town of Southampton*, 305 F.R.D. 32, 36 (E.D.N.Y. 2015).  Additionally, Plaintiffs provide no justification for the delay in obtaining this evidence.  As the Ninth Circuit has repeatedly noted, any injustice resulting from such an exclusion comes from the party's own failure to properly present his case. *See, e.g., Delta Sys., Inc. v. TRW*, 874 F.2d 815 (9th Cir. 1989); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir.1988); *Colvin*, 549 F.2d at 1340.  Finally, the additional four witnesses have not been identified to this Court.  Moreover, it is likely that

previously identified witnesses will be able to offer some relevant testimony concerning the employment issue.  For these reasons, Plaintiffs' motion is denied.

**IV. Conclusion**

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Allow Documents Regarding Plaintiff Brogan Wright's Recent Termination from Employment to Be Utilized at Trial and Allow Witness Identified Regarding Termination of Employment to Testify at Trial (ECF No. 161) is DENIED.

IT IS SO ORDERED.

DATED this 31st day of May, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4