UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| MELISSA ANN WRIGHT, Court Appointed Guardian of BROGAN ZANE WRIGHT, KAREN REIGER, and MIKE REIGER,<br><br>Plaintiffs,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana Corporation; GREGORY ANDREW BRITT, an individual; DOES 1 through 5, and ROES 1 through 5;<br><br>Defendants. | 2:11-CV-01575-LRH-GWF<br><br>ORDER |

Before the Court is Plaintiffs Melissa Ann Wright, Court Appointed Guardian of Brogan Zane Wright, Karen Reiger, and Mike Reiger's (collectively "Plaintiffs") Emergency Motion for Reconsideration. ECF No. 175.[1] Defendants Watkins & Shepard Trucking, Inc. and Gregory Andrew Britt (collectively "Defendants") filed an Opposition. ECF No. 177.

The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d. 1255,

---
[1] Refers to the Court's docket number.

1

1263 (9th Cir. 1993).  Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Donaldson v. Liberty Mut. Ins. Co.*, 947 F.Supp. 429, 430 (D. Haw. 1996).

Here, Plaintiffs move for reconsideration of this Court's May 31, 2016 order denying Plaintiff's motion to allow documents and witnesses regarding Brogan Wright's termination of employment to be used at trial.  ECF No. 166.  Plaintiffs object on the basis that Brogan Wright's employment at Opportunity Village was terminated on December 7th, 2015.  In response, Defendants argue Plaintiffs waited nearly five months to disclose this information, the Court's earlier analysis remains applicable, and the prejudice to the Defendants remains the same.

Brogan Wright left his job at McCarran airport in June of 2015.  ECF No. 177, Ex. 1.  On August 3, 2015, he was transferred to Opportunity Village's North Campus Employment Resource Center.  *Id.*  On December 7, 2014, he was terminated.  *Id.*  On April 21, 2016, Plaintiffs obtained Brogan Wright's employment file and emailed it to Defendants.  ECF No. 177, Ex. 3.  On April 25, 2016, Plaintiffs identified four witnesses from Opportunity Village they intended to call.  ECF No. 177, Ex. 4.  On May 19, 2016, Plaintiffs identified two additional witnesses from Opportunity Village they wished to call.  ECF No. 177, Ex. 5.

The fact remains that Plaintiffs waited months to obtain updated information on Brogan Wright's employment status and to inform Defendants of the same.  Their most recent supplement was only two weeks before trial was scheduled to commence.  Plaintiffs have provided no justification for the delay in locating these witnesses and obtaining this evidence.  It would be prejudicial to expect the Defendants to depose new witnesses in the brief time before the trial, to force Defendants to alter their trial strategy after relying on the witness list contained in the pretrial order for nearly a year, or to further prolong this already much delayed trial.  *Eberle v. Town of Southhampton*, 305 F.R.D. 32, 36 (E.D.N.Y. 2015).  And, as previously recognized by the Court, some of this evidence should be available through witnesses listed in

///

the Court's pretrial order who will be testifying at trial. Accordingly, the Court declines to reconsider its May 31, 2016 Order. ECF No. 166.

Additionally, this Court notes that any attempts to amend the joint pretrial order should comply with the requirement set forth in the joint pretrial order: "This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice." ECF No. 115, at p. 22.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (ECF No.175) is DENIED.

IT IS SO ORDERED.

DATED this 2nd day of June, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE